IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| American Reliable<br>Insurance Company a/s/o<br>Bill Brazzel<br>8655 E. Via De Ventura<br>Scottsdale, AZ 85258-3321<br>      Plaintiff,<br>vs.<br><br>Laurie Addington<br>104 Villa Circle,<br>Dickson, TN 37055; and<br><br>David Brogdon, Esq., as<br>Administrator *Ad Litem* of the<br>Estates of Jeffrey Pimer and<br>Joshua Michael Perez<br>230 N. Main St.<br>Dickson TN 37055<br>      Defendants. | CIVIL ACTION NO.:<br><br>JURY DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, American Reliable Insurance Company ("ARIC") as subrogee of Bill Brazzel ("Brazzel") by and through undersigned counsel and brings this civil action against Laurie Addington ("Addington") and David Brogdon, Esq., as Administrator *Ad Litem* of the Estates of Jeffrey Pimer and Joshua Michael Perez (hereinafter "Pimer" and/or "Perez"), for its causes of action states as follows:

### PARTIES

1. Plaintiff ARIC is an Arizona Corporation, with a principal place of business at the above captioned address.

2. Defendant Addington is an adult individual and resident and citizen of the State of Tennessee, with a principal residence at the above captioned address.

3. David Brogdon, Esq., a member in good standing of the Tennessee State Bar was duly appointed by the Chancery Court for Dickson County, Tennessee as the Administrator *Ad Litem* of the Pimer and Perez Estates on January 11, 2021 (see attached Exhibit "A"). Mr. Brogdon has a law practice located at the address noted above.

4. At all times relevant hereto, ARIC was approved to issue policies for real property casualty insurance within the State of Tennessee.

5. At all times relevant hereto, ARIC insured a property owned by Bill Brazzel located at 312 Railroad St. Dickson, Tennessee ("subject property").

6. At all times relevant hereto, the subject property was rented out by Brazzel as residential housing to Defendants Addington, Pimer and Perez.

7. On or about November 13, 2019, the subject property suffered a fire.

8. Tragically, Mr. Pimer and Mr. Perez lost their lives in said fire.

## JURISDICTION

9. At all times relevant hereto, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (Diversity of Citizenship).

10. Additionally, the amount in controversy, as noted below, exceeds the Court's jurisdictional floor and the underlying event that gives rise to this action occurred within the jurisdiction of this court.

## STATEMENT OF FACTS

11. As noted above, on or about November 13, 2019, the subject property suffered a fire loss.

12. Said fire caused significant damage to Brazzel's property.

13. Subsequent to the fire, Brazzel submitted an insurance claim with Plaintiff ARIC.

14. As a result of that claim, Plaintiff ARIC paid to, or on behalf, of Brazzel an amount equal to or above $241,972.17.

15. On information and belief, the fire and related damages were caused by the misuse of a kerosene heater by Defendant Addington, Pimer and Perez (collectively "defendants").

16. Specifically, it is believed and therefore averred that the defendants were using the space heater to heat the inside of their home (enclosed space) and they were improperly fueling the "kerosene" heater with "gasoline".

17. Moreover, it is believed and therefore averred that the gasoline caused the kerosene heater to malfunction and cause a small fire initially.

18. In response to that fire, it is believed that the defendants attempted to unsuccessfully remove the heater from the inside of the property, with Pimer and Perez carrying the heater, and Addington directing them and opening the front door.

19. During that move, it is believed that the defendants further spread the fire throughout the home, causing the destruction of the subject property and the damages complained of herein.

20. As noted above, pursuant to the contract for insurance, between Brazzel and Plaintiff ARIC, and because of the aforesaid damage, Plaintiff issued payment(s) to, or on behalf of, Brazzel in an amount equal to or above $241,972.17.

21. Under the doctrine of subrogation and pursuant to the aforesaid contract for insurance, Plaintiff ARIC is subrogated to the claims of Brazzel against the defendants named here.

## COUNT I
### (vs. Addington, Pimer and Perez)
### *Negligence*

22. Paragraphs 1 – 21 are incorporated by reference here.

23. Defendants owed a duty of care to Plaintiff's insured and all others potentially affected by their failure to exercise reasonable care.

24. Defendants negligently and/or recklessly breached their duty of care in the following non-exclusive particulars:

    a. Using a kerosene heater in an enclosed area;

    b. Using a kerosene heater too close to combustibles;

    c. Using improper fuel, namely gasoline, to fuel the kerosene heater at issue;

    d. Operating the kerosene heater counter to proper fire and safety standards;

    e. Spreading the fire by attempting to move the kerosene heater from the area of initial fire rather than attempting to extinguish the fire or call for assistance; and

    f. Such other acts or omissions constituting carelessness, negligence, gross negligence, wantonness and reckless disregard of safety as may appear during the course of discovery procedures or which may be adduced at trial of this case.

25. These breaches of duty were the direct and proximate causes of the fire that occurred on November 13, 2019, and, by extension, the damages sought for here by Plaintiff ARIC.

26. Pursuant to its right of subrogation as set forth above, to the extent of its payment to Brazzel, ARIC has sustained damages and is subrogated to all the rights of Brazzel against the defendants.

WHEREFORE, Plaintiff ARIC demands judgment in its favor against the defendants in an amount equal to or above $241,972.17 plus interests, costs and such other and further relief this Court deems proper.

### Jury Demand

Plaintiff demands a jury trial on all issues triable of right to a jury of twelve.

Respectfully submitted,

The Plaintiff,
**AMERICAN RELIABLE**
**INSURANCE COMPANY,**

By Its Attorneys,

/s/ Stephen W. Elliott
Stephen W. Elliot, BPR # 20062
Fetlework Balite-Panelo, BPR# 024070
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
Direct Line: 615-921-5224
Facsimile: 615-244-3518
Email: selliott@howell-fisher.com
fbalite-panelo@howell-fisher.com

Guillermo (Will) Sylianteng
WES Litigation Group LLC
196 W. Ashland St.
Doylestown, PA 18901
(267)884-0725
wes@weslitigation.com

IN THE CHANCERY COURT FOR DICKSON COUNTY, TENNESSEE
AT CHARLOTTE

FILED 1-11 20 21
3:24 P M
NANCY MILLER, C & M

IN THE MATTER OF THE ESTATE OF )
JEFFREY PIMER, DECEASED. )
NO. 2020-PR-137

## ORDER APPOINTING ADMINISTRATOR AD LITEM

This cause came to be heard upon the Petition of American Reliable Insurance Company for the appointment of an Administrator Ad Litem of the estate of Jeffrey Pimer, upon the statements of counsel and upon the entire record in this cause, from all of which it appears to the Court that Jeffrey Pimer died on November 12, 2019 in Dickson County, Tennessee at which time he was resident of Dickson County, Tennessee; and it further appearing to the Court that there has been no administration of his estate in this Court or any other Court; and it further appearing to the Court that the surviving father of the deceased who has priority to qualify as Administrator Ad Litem is unwilling and unable to serve as Administrator ad Litem; and it further appearing that Petitioner has a claim for damages arising in tort against the estate of the deceased Jeffrey Pimer which it desires to pursue and it is necessary that an Administrator Ad Litem be appointed for the sole purpose of serving as a nominal party to such legal cause of action; and it further appearing that this Court has inherent jurisdiction to appoint an Administrator Ad Litem under Tenn. Code Ann. § 30-1-109 for such a limited purpose.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that David Brogdon, a member of the bar of this Court, be and is hereby appointed Administrator Ad Litem of the estate of Jeffrey Pimer, deceased. The sole purpose of the Administrator Ad Litem is to serve as a nominal party to a tort action to be prosecuted by Petitioner. The Administrator Ad Litem is not authorized

1


EXHIBIT A

or required to marshal the assets of the decedent or take ay other action in this estate and therefore, may serve without a requirement of a bond and no notice shall be filed with the Commissioner of Revenue, no Notice of Creditors will be given and no Letters of Administration will issue.

ENTER this 11th day of January, 2021.

_____
JUDGE

SUBMITTED FOR ENTRY:

HOWELL & FISHER, PLLC

By: _____
Stephen W. Elliott, BPR #20062
Fetlework Balite-Panelo, BPR #24070
3310 West End Avenue, Suite 550
Nashville, TN 37203
Ph. (615) 921-5224
selliott@howell-fisher.com
fbalite-panelo@howell-fisher.com
Attorneys For Petitioner

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing by first-class U.S. Mail, postage prepaid, upon David Brogdon, Esq., 230 N. Main St., Dickson, TN 37055 and James Pimer, 103 Mackenzie St., Dickson, TN 37055 on this the 4th day of January, 2021.

_____
Fetlework Balite-Panelo

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing by first-class U.S. Mail, postage prepaid, upon David Brogdon, Esq., 230 N. Main St., Dickson, TN 37055 and James Pimer, 103 Mackenzie St., Dickson, TN 37055 on this the 4th day of January, 2021.

*/s/ Fetlework Balite-Panelo*
Fetlework Balite-Panelo

3

IN THE CHANCERY COURT FOR DICKSON COUNTY, TENNESSEE
AT CHARLOTTE

FILED 1-11 2021 3:24 P M
NANCY MILLER, C & M

IN THE MATTER OF THE ESTATE OF ) 
JOSHUA MICHAEL PEREZ, DECEASED. ) NO. 2020-PR-136

## ORDER APPOINTING ADMINISTRATOR AD LITEM

This cause came to be heard upon the Petition of American Reliable Insurance Company for the appointment of an Administrator Ad Litem of the estate of Joshua Michael Perez, upon the statements of counsel and upon the entire record in this cause, from all of which it appears to the Court that Joshua Michael Perez died on November 12, 2019 in Dickson County, Tennessee at which time he was resident of Dickson County, Tennessee; and it further appearing to the Court that there has been no administration of his estate in this Court or any other Court; and it further appearing to the Court that the surviving mother of the deceased who has priority to qualify as Administrator Ad Litem is unwilling to serve as Administrator ad Litem; and it further appearing that Petitioner has a claim for damages arising in tort against the estate of the deceased Joshua Michael Perez which it desires to pursue and it is necessary that an Administrator Ad Litem be appointed for the sole purpose of serving as a nominal party to such legal cause of action; and it further appearing that this Court has inherent jurisdiction to appoint an Administrator Ad Litem under Tenn. Code Ann. § 30-1-109 for such a limited purpose.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that David Brogdon, a member of the bar of this Court, be and is hereby appointed Administrator Ad Litem of the estate of Joshua Michael Perez, deceased. The sole purpose of the Administrator Ad Litem is to serve as a nominal party to a tort action to be prosecuted by Petitioner. The Administrator Ad Litem is not

1

authorized or required to marshal the assets of the decedent or take ay other action in this estate and therefore, may serve without a requirement of a bond and no notice shall be filed with the Commissioner of Revenue, no Notice of Creditors will be given and no Letters of Administration will issue.

ENTER this 11th day of January 2021.

*Daniel S. Wolfe*
JUDGE

SUBMITTED FOR ENTRY:

HOWELL & FISHER, PLLC

By: *Fbalite-panel*
Stephen W. Elliott, BPR #20062
Fetlework Balite-Panelo, BPR #24070
3310 West End Avenue, Suite 550
Nashville, TN 37203
Ph. (615) 921-5224
selliott@howell-fisher.com
fbalite-panelo@howell-fisher.com
Attorneys For Petitioner

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing by first-class U.S. Mail, postage prepaid, upon David Brogdon, Esq., 230 N. Main St., Dickson, TN 37055 and Laurie Addington, 104 Villa Circle, Dickson, TN 37055 on this the 4th day of January, 2021.

*Fbalite-panel*
Fetlework Balite-Panelo

2