**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **AMERICAN RELIABLE INSURANCE COMPANY a/s/o BILL BRAZZEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:21-CV-00141** |
| | ) | **12 PERSON JURY DEMAND** |
| **LAURIE ADDINGTON AND DAVID BROGDON, ESQ., as ADMINISTRATOR AD LITEM OF THE ESTATES OF JEFFREY PIMER AND JOSHUA MICHAEL PEREZ,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW SUPPORTING
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now the Defendants, Laurie Addington and David Brogdon, Esq., as Administrator Ad Litem of the Estates of Jeffrey Pimer and Joshua Michael Perez (collectively "the Defendants"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(c), submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings.

**Facts & History**

This lawsuit arose after a fire occurred on November 13, 2019, at a rental property located at 312 W. Railroad St. Dickson, Tennessee ("the property"), causing significant damage. (Doc. 1, at 11, 12). The defendants were all living at the property which they leased from Mr. Brazzel. (Id., at 6). Mr. Brazzel had an insurance policy with American Reliable Insurance Company ("American") and submitted a claim for the damages to the property in an amount of $241,972.17. (Id., at 13, 14). The Complaint was filed on February 23, 2021,

by American as subrogee of Mr. Brazzel, seeking subrogation against the Defendants for the damages caused by the fire. (Id., at 26). Defendants filed an Answer on March 25, 2021 and asserted that American's claims are barred under the "Sutton Rule". (Doc. 18, at 2).

## Standard of Review

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings only "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c); Williams v. United States, 754 F. Supp. 2d 942, 945 (W.D. Tenn. 2010). Like Rule 12(b)(6), Rule 12(c) entitles the movant to a judgment if the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999); Crane Constr. v. Wal-Mart Stores Inc., 1996 U.S. Dist. LEXIS 22729, No. 93-2803, 1996 WL 495550 * 1(W.D. Tenn. Mar. 21, 1996). The Court must accept the well-pleaded material allegations of the non-movant as true. Bower v. Fed. Express Corp., 156 F. Supp. 2d 678, 684 (W.D. Tenn. 2001). Granting judgment on the pleadings is proper only where "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991); Carney, 57 F. Supp. 2d at 499-500.

In this case, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts apply state substantive law and federal procedural law when adjudicating claims based on diversity jurisdiction. Williams, 754 F. Supp. at 948. Thus, Tennessee substantive law will apply.

## Law & Argument

Defendants' Motion should be granted because Defendants were co-tenants of Mr.

Brazzel and therefore, American cannot seek subrogation against Defendants. Subrogation is an equitable doctrine whose aim is to "plac[e] the burden of bearing the loss where it [o]ught to be." Allstate Ins. Co. v. Watson, 2005 Tenn. App. LEXIS 126, 2005 WL 457846, at *5 (citing Jindra v. Clayton, 247 Neb. 597, 529 N.W.2d 523 (1995)). However, "subrogation is not appropriate in every circumstance; as an equitable doctrine, it is applied only if its application achieves equity under the facts and circumstances of the case at hand." Dattel Family Ltd. P'ship v. Wintz, 250 S.W.3d 883, 887 (Tenn. Ct. App. 2007). In Dattel, the Tennessee Court of Appeals recognized the "Sutton Rule" which applies to residential leases as follows:

> if the tenant is deemed a co-insured under the landlord's insurance policy, the insurance carrier would be barred from bringing a subrogation action against the tenant to recover for damages to the landlord's insured premises.

Id.; see Tate v. Trialco Scrap, Inc., 745 F. Supp. 458, 467 (M.D. Tenn. 1989). The court held that "equity would demand that a residential tenant be considered an implied co-insured under his landlord's insurance policy unless the landlord and the tenant have agreed otherwise." Id. at 893. The court reasoned:

> A reasonable insurer, which has adjusted its rates based on the nature of the property and the knowledge that the landlord would rent apartment units to tenants, would expect to pay the landlord for damage caused by a fire negligently started by a tenant. Accordingly, as reflected in the *Sutton* approach, all parties involved would reasonably expect a residential tenant to be considered a co-insured under the landlord's insurance policy unless the parties had expressly agreed otherwise.

Id. (internal citations omitted). However, the court noted exceptions to the "Sutton Rule":

> This status is determined by the lease agreement between the parties. The circumstances of the lease transaction must be addressed, and where there is an express agreement to the contrary, a tenant will not be deemed a co-insured, such that a landlord or its property insurer may proceed in subrogation against the tenant.

Id. at 892. Likewise, in <u>Allstate Ins. Co. v. Watson</u>, 2005 Tenn. App. LEXIS 126, at \*2 (Ct. App. Feb. 25, 2005), an insurer paid damages caused by a fire and subsequently brought an against the tenant asserting subrogation rights under its policy with the landlord. The Tennessee Court of Appeals focused on whether the insurer had a right to subrogation against the tenant, noting:

> Critical to this holding is the fact that the lease agreement at issue requires neither the landlord nor the tenant to procure insurance on the property. The only mention of insurance is the provision in the lease that "it is agreed that it is the residents' responsibility to insure their property and safeguard against personal loss."

The court relied on the reasonings of other jurisdictions to conclude:

> absent an express agreement to the contrary in a lease, a tenant and his or her landlord are implied coinsureds under the landlord's fire insurance policy, and the landlord's liability insurer is precluded from bringing a subrogation action against the negligent tenant.

<u>Id.</u>, at \*19. In this case, the lease in effect at the time of the alleged fire was silent as to insurance obligations between Mr. Brazzel and Defendants. Since the lease does not include an express waiver of Defendants' legal status as a co-insured under any property insurance policy issued to Mr. Brazzel, Defendants are deemed co-insureds. Therefore, Defendants' Motion should be granted because there are no issues of material fact and Defendants are entitled to judgment under the "Sutton Rule."

### Conclusion

Based on the foregoing, Defendants respectfully request this Court enter a judgment in their favor because American cannot seek subrogation against Defendants, as co-insureds under Mr. Brazzel's policy, under the "Sutton Rule." Specifically, Defendants' Motion should be granted because it is undisputed that the lease is silent as to any insurance

obligations.

Respectfully submitted,

 s/ Hannah J. Leifel
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**HANNAH J. LEIFEL**
Registration No. 038632
DIRECT: (615) 630-7722
(615) 256-8787, Ext. 152
hleifel@bkblaw.com
Attorneys for Defendants, Laurie Addington and David
Brogdon, Esq., as Administrator Ad Litem of the Estates
of Jeffrey Pimer and Joshua Michael Perez

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2021, a true and correct copy of the foregoing Stipulations was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Stephen W. Elliott, Esquire
Fetlework S. Balite-Panelo, Esquire
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203

Guillermo (Will) Sylianteng, Esquire
WES Litigation Group LLC
196 West Ashland Street
Doylestown, PA  18901

 s/ Hannah J. Leifel
**HANNAH J. LEIFEL**