UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| American Reliable Insurance Company | |
| Plaintiff | CIVIL ACTION NO.: 3:21-CV-00141 |
| vs. | |
| Laurie A. Addington, et al. Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES the Plaintiff American Reliable Insurance Company ("ARIC") as subrogee of Bill Brazzel ("Brazzel"), by and through undersigned counsel, to request the Honorable Court deny Defendants' Motion and in support of its position, plaintiff relies on the facts and argument set forth below.

**Procedural History and Standard of Review**

With respect to a Motion for Judgment on the Pleadings, pursuant to FRCP 11(c), "[The Court] construe[s] the complaint in the light most favorable to the plaintiffs, accept[s] all of the complaint's factual allegations as true, and decide[s] whether the plaintiffs can prove any set of facts in support of their claims that would entitle them to relief." Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007).

In the instant matter, the lease between plaintiff's insured, Bill Brazzel ("landlord"), and defendants form the basis for the issue presented; namely whether under the terms of the lease, subrogation is permitted against the defendants. As the lease was not attached to the Complaint or the Answer, the parties entered into a stipulation to include said lease as part of the Court's record. See Doc. 24.

1

To the extent that the Court deems it necessary, because the addition of the Stipulation and Lease (Doc. 24) add "a matter outside the pleadings", to convert defendants' Motion, into a Rule 56 Summary Judgment Motion, pursuant to Rule 12(d)[1], plaintiff does not object. Further, plaintiff agrees that the "Sutton" issue is ripe for adjudication here under either Rule.

**Relevant Facts and Argument**

This action is a property damage subrogation action which arises from a fire which occurred on November 13, 2019 (Doc. 1). While the facts and incident which give rise to the fire are, for the most part, undisputed, the parties disagree as to whether Plaintiff is entitled to subrogation under the so-called "Sutton Rule".

The Sutton Rule, which was fully adopted by Tennessee in <u>Dattel Family Ltd. P'ship v. Wintz</u>, 250 S.W.3d 883 (Tenn. Ct. App. 2007), states as a principle that "if the tenant is deemed a co-insured under the landlord's insurance policy the insurance carrier would be barred from bringing a subrogation action against the tenant to recover for damages to the landlord's insured premises." <u>Id.</u> at 887. However, the Sutton Rule *is not* an absolute bar against landlord versus tenant subrogation. In fact, the Tennessee Court of Appeals specifically recognizes this by beginning the explanation of the effects of the Sutton Rule with the conditional statement, "*if the tenant is deemed a co-insured…*" <u>Id.</u> (emphasis added). It further explains the underpinnings of the Sutton Rule as "basic equity", "fundamental fairness" and, most importantly, "reasonable expectations".

> We find persuasive the reasoning underlying the Sutton approach, namely, that "basic equity and fundamental justice" require that, absent an express agreement to the contrary, a tenant should be considered a co-insured under

---

[1] Federal Rule of Civil Procedure 12(d) states "Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion". FRCP 12(d).

the landlord's property casualty insurance policy, and the insurance carrier should therefore be precluded from asserting subrogation rights against the tenant. In general, the Sutton approach has four virtues: (1) it corresponds with the *reasonable expectations* of the parties; (2) it is in accord with the commercial realities involved in insuring residential lease properties; (3) it comports with sound economic policy; and (4) it provides greater certainty of the law.

Id. at 892

With respect to the "reasonable" expectation[2] that a tenant is a co-insured under its landlord's insurance policy, the Court notes that there is no reasonable expectation, if "the parties had expressly agreed otherwise". Id.

> …as reflected in the Sutton approach, all parties involved would *reasonably* expect a residential tenant to be considered a co-insured under the landlord's insurance policy *unless the parties had expressly agreed otherwise*.

Id. (emphasis added)

In the instant matter, the parties did *expressly agree otherwise*, and the lease at issue, Exhibit "A", provides no "reasonable" expectation that the defendants would be co-insured under the ARIC policy.

As the defendants point out, "[i]n this case, **the lease in effect at the time of the alleged fire was silent as to insurance obligations** between Mr. Brazzel (landlord) and Defendants" (Doc. 26 p.4)(emphasis added). However, what the instant lease does have, is a *specific and express agreement* that defendants would be responsible "**[t]o pay reasonable charges (other than for**

---

[2] As a point of personal privilege, this "reasonable" expectation is the writer's personal pet peeve regarding the Sutton Doctrine, it fundamentally re-writes an insurance policy to interject a third party (tenant) into an insurance policy which may have been procured long before their tenancy, and then effectively insulates them from claims stemming from their negligent actions. Moreover, it negates the need or purpose for liability insurance for their acts to the extent that those acts cause damage to a building they do not own.

3

Case 3:21-cv-00141   Document 28   Filed 05/06/21   Page 3 of 6 PageID #: 93

**normal wear and tear) for repair of damages to the premises**". See Exhibit "A" §5(I) (emphasis added).

While defendants may wish that the "express agreement" requirement specifically address responsibility to insure, that is not the case. To the contrary, the Tennessee Court of Appeals noted specifically,

> For residential tenants…When the lease does not contain an express agreement addressing the issue of subrogation in the event of a negligently caused fire by a tenant, as the magistrate found in this case, a landlord's insurer may not proceed against the tenant as subrogee.
>
> Allstate Ins. Co. v. Watson, No. M2003-01574-COA-R3CV, 2005 WL 457846, at *7 (Tenn. Ct. App. Feb. 25, 2005), aff'd, 195 S.W.3d 609 (Tenn. 2006)

In this case, the lease provision, "[t]o pay reasonable charges (other than for normal wear and tear) for repair of damages to the premises" does address the issue of the potential of a subrogating carrier going after them for the damages to the premises. There is no qualification that this payment obligation is somehow only subject or limited to repairs not paid for by insurance. Rather, it is a clear and unequivocal warning that, should damage beyond ordinary wear and tear occur during your tenancy, repairs will be charged to you.[3]

While the undersigned is sure defendants will point out that both the Dattel and Watson leases contained damage responsibility provisions, the instant matter is distinguishable from both. In Dattel, the lease stated, "[i]t is further understood that the Resident shall be liable for all damages done to the premises ... and for all damages done to the premises at any time the Resident shall vacate same, ordinary wear and tear excluded". Dattel at 885. Similarly, in Watson, the lease

---

[3] It can be argued that the only other reasonable interpretation of the clause is as a signal to the tenant to procure liability insurance or insurance on the property themselves to avoid being personally responsible for the damage from the landlord or his subrogee.

4

stated, "Residents are responsible for all damages to the apartment, intentional or non-intentional. Owner is to be notified of all damages and will provide the repairs." Id. at *1. What differentiates this matter from Dattel and Watson is that those leases also contained the following language, "The Resident is responsible for the insurance of **their personal property** in the case of fire or other perils that would be covered by a resident's renters insurance policy, as **Dattel Realty Company's insurance policies do not cover personal property of the resident**" (Dattel at 885) (emphasis added) and "it is agreed that it is the residents' responsibility to insure **their** property and safeguard against **personal loss**." Watson at *2 (emphasis added), respectively.

The key distinction between the Dattel/Watson cases and this case is the former has insurance clauses and those clauses specifically noted that the residents/tenants need only insure "their" property and their "personal loss", which implies that the building insurance would cover the premises making them, arguably, an *implied* co-insured under those policies. **That is not the case here.** Here the lease is completely silent as to insurance, so there can be no implication read from the lease nor can any reasonable inference be made from its language that the defendants/tenants are co-insureds. The only reasonable interpretation of the relevant lease clause at issue here is that the defendants/tenants are solely and squarely responsible for any repair costs, above normal wear and tear, to the *premises*, thus making subrogation against them possible.

**Conclusion**

WHEREFORE, for the reasons set forth above, and in the related Response to Defendant's Motion, plaintiff respectfully requests that the Honorable Court deny Defendants' Motion and hold that the "Sutton Rule" does not preclude plaintiff's subrogation claim against the moving defendants, because there is an unqualified and "express" agreement in the lease that Defendant(s)/Tenants would be liable to their landlord for any damage, beyond normal wear and

5

tear, to the premises and the lease does not contain any language which would give rise to a reasonable expectation that the defendants are co-insureds under the policy issued by the plaintiff.

>Respectfully submitted,
>
>The Plaintiff,
>**AMERICAN RELIABLE**
>**INSURANCE COMPANY,**
>
>By Its Attorneys,
>
>/s/ Will Sylianteng
>Guillermo (Will) Sylianteng
>WES Litigation Group LLC
>196 W. Ashland St.
>Doylestown, PA 18901
>(267)884-0725
>wes@weslitigation.com
>
>Stephen W. Elliott, BPR # 20062
>Fetlework Balite-Panelo, BPR # 024070
>Howell & Fisher, PLLC
>3310 West End Avenue, Suite 550
>Nashville, TN 37203
>615-921-5224
>selliott@howell-fisher.com
>fbalite-panelo@howell-fisher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2021 a copy of the foregoing Plaintiff's Memorandum of Law in Support of its Response to Defendants' Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this file through the Court's electronic filing system.

>/s/ Fetlework Balite-Panelo